JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 10-6510-RGK (MANx)** | Date | September 24, 2010 |
|---|---|---|---|
| Title | *MARIO RUIZ v. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, et al.,* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

On August 31, 2010, Defendant JP Morgan Chase Bank, N.A. as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC ("JPMorgan"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and California Reconveyance Company ("CRC") (collectively, "Defendants"), removed this action from the Los Angeles County Superior Court of California to the United States District Court, Central District of California on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Section 1446(b) requires that a notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446.

On September 13, 2010, the Court ordered Defendants to show cause in writing, no later than September 20, 2010, why the action should not be remanded due to their failure to allege the date on which the first defendant was served. Defendants failed to respond to the Court's order to show cause.

Plaintiff, however, submitted a written response on September 21, 2010, stating that the action was untimely removed, as "the first defendant to be served with service of process of the original Summons and Complaint was [JP Morgan], by and through its agent for service of process, CT Corporation, on July 30, 2010." (Nam Decl. at ¶ 3). The Court verifies this statement against the Proof of Service of Summons. (Nam Decl. at Ex. A).

Based on Plaintiff's objection to the untimely removal, and for the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings. Furthermore, Defendants' Motion to Dismiss, set for hearing on October 25, 2010, is hereby denied as **MOOT**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |